UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHILLIPS EXCAVATING &
CONSTRUCTION, INC.

      Plaintiff,

      v.                            Case No.: 8:08-cv-00746-T-17EAJ

MOUNT VERNON
FIRE INSURANCE COMPANY

      Defendant.
_____/

**ORDER ON PLAINTIFF'S MOTION TO REMAND**

The matter before the Court is the plaintiff's, Phillips Excavating & Construction, Inc.,

Motion to Remand filed on April 21, 2008. Defendant, Mount Vernon Fire Insurance Company,

filed a response on April 28, 2008. A review of the record indicates that, for the following

reasons, the plaintiff's Motion to Remand should be **DENIED**.

**PROCEDURAL BACKGROUND**

On March 29, 2008, plaintiff, Phillips Excavating & Construction, Inc. (Phillips), filed a

complaint against defendant Mount Vernon Fire Insurance Company (Mount Vernon) in the

Sixth Judicial Circuit, in and for Pinellas County, Florida. Phillips, a Florida corporation with its

principal place of business in Pinellas County, filed suit against Mount Vernon, a foreign

corporation with its principal place of business in Pennsylvania, alleging three counts. Count I

requests declaratory relief from the Court; Counts II and III allege breach of contract and

demand damages. Doc. 2.

On April 17, 2008, pursuant to 28 U.S.C §1441(a) and §1446, Mount Vernon filed a

notice of removal from the circuit court to the United States District Court based on diversity

jurisdiction. Doc. 1. Shortly thereafter, on April 21, 2008, Phillips filed a motion to remand the claim to state court pursuant to 28 U.S.C. § 1447. Doc. 3. On April 28, 2008, Mount Vernon filed a response in opposition to the motion. Doc. 9.

## FACTUAL BACKGROUND

The complaint Phillips filed in state court concerned the theft of its 2005 ASV RC-85 contractor's equipment (RC-85). Doc. 2 at 2. The equipment, leased by Phillips from Rentalex Tool & Equipment (Rentalex), was allegedly covered by an insurance policy issued by Mount Vernon. Doc. 2 at 2. Phillips filed a claim with Mount Vernon for the theft loss of the equipment and Mount Vernon denied the claim. Doc. 2, Exhibit C. It is Mount Vernon's position that the insurance policy does not cover the loss because the RC-85 was not equipped with a Lo-Jack anti-theft prevention system, as required under the insurance contract.

In Count I, Phillips seeks declaratory relief from the Court as to its rights under the contract with Mount Vernon. Specifically, Phillips asks the Court to recognize that Mount Vernon's claim denial was improper, that the insurance policy covered the theft, and that it is entitled to the benefits under the contract; or, in the alternative, Phillips is entitled to the return of its premium. Doc. 2 at 2-3. Count II is a breach of contract claim which seeks, from Mount Vernon, the benefits payable under the insurance contract. Doc. 2 at 3-4. Count III relates to an underlying lawsuit, entitled <u>Rentalex Division of Sonco Corporation, a foreign corporation v. Anthony S. Phillips, Director/Trustee Phillips Excavating & Construction, Inc., a dissolved corporation and Anthony S. Phillips and Mary Ann Phillips, Individually and as Guarantor,</u> Hillsborough County, Civil Case No. 06-002324, Division F. In that suit, Rentalex, from whom Phillips leased the RC-85, sued Phillips for loss of the equipment. Phillips claims breach of contract and seeks indemnification from Mount Vernon for the costs of the lawsuit, in excess of

2

$47,221.00. Doc. 2 at 4-5. Additionally, Phillips seeks applicable attorneys' fees in each of the three counts.

Mount Vernon removed the case to federal court based on 28 U.S.C. § 1332 diversity jurisdiction. Phillips seeks the case to remand to state court. In its Motion for Remand, Phillips claims that Mount Vernon has failed to show that amount in controversy exceeds the statutory minimum of $75,000.00. Doc. 3 at 1. In its opposition, Mount Vernon claims the total costs of the potential attorneys' fees, penalties, statutory damages and punitive damages "surely . . . exceeds the $75,000.00 threshold." Doc. 9 at 3.

## STANDARD OF REVIEW

As the master of the complaint, the plaintiff may choose to file a claim in state or federal court. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). However, where there is original federal jurisdiction over a claim brought in state court, the defendant may remove the action to the United States district court of the district and division embracing the place where the action is pending. 28 U.S.C.A. § 1441(a) (West 2008). The defendant seeking removal bears the burden of showing that there is federal jurisdiction over the case. Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1563 (11th Cir. 1989). If, at any time before final judgment, it is appears that a case was improperly removed and the federal court lacks subject matter jurisdiction, the district court should remand the case back to state court. 28 U.S.C.A. § 1447(c). Uncertainties in removal and remand are generally resolved in favor of remand. Whitt v. Sherman Int'l Corp., 147 F.3d 1325, 1329 (11th Cir. 1998).

### DISCUSSION

The Court considers Phillips' motion to remand based on the disputed value of the amount in controversy.

The defendant may remove a case within thirty days of receiving the initial complaint by filing a notice of removal with the federal district court. 28 U.S.C.A. § 1446 (West 2008). If removal was improper because the federal court lacks subject matter jurisdiction, the party opposing removal may, at any time before final judgment, file a motion to remand identifying the defect. § 1447(c). Phillips' initial complaint was filed in state court on March 28, 2008. Mount Vernon filed a timely notice of removal, based on diversity jurisdiction, on April 17, 2008. Thereafter, on April 21, 2008, Phillips filed a motion to remand. Mount Vernon responded, opposing the motion to remand, on April 28, 2008. All motions were made in a timely manner. The Court must next consider whether there federal jurisdiction over the cause of action.

Mount Vernon removed the case to federal court based on 28 U.S.C. § 1332. Section 1332 provides the federal jurisdiction over causes of action where there is diversity of citizenship between the parties and the "matter in controversy exceeds $75,000.00, exclusive of interest and costs." 28 U.S.C.A. § 1332 (West 2008). Where both of these requirements are not met, the federal court lacks subject matter jurisdiction and the case should be remanded to state court. § 1447(c). Here, the parties do not dispute diversity; Phillips is a Florida corporation and Mount Vernon has its principal place of business in Pennsylvania. However, the parties disagree about whether the claim satisfies the requisite amount in controversy.

## A. Value of the amount in controversy

When considering the requisite amount in controversy for cases removed to federal court, the court ordinarily requires the defendant seeking removal to prove to a legal certainty that the amount in controversy exceeds $75,000.00. Saberton v. Sears Roebuck & Co., 392 F. Supp. 2d 1358, 1359 (M.D. Fla. 2005), citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). However, where the plaintiff has made a claim for an unspecified amount of damages, the legal certainty test is inappropriate. Gafford v. General Elec. Co., 997 F.2d 150,160 (6th Cir. 1992). Instead, defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional amount. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996), overruled on other grounds by Cohen v. Office Depot, 204 F.3d 1069 (11th Cir. 2000). The court reasoned that the "lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer." Id.

Where a prayer for damages is uncertain because the plaintiff seeks a remedy at equity, the amount in controversy is the "value of the object of litigation" or the "the value of the right to be protected." Davis Tune, Inc. v. Precision Franchising, LLC., LEXIS 38940, 6 (N.D. Fla. 2005), citing Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 347 (1977); Ericsson GE Mobile Communications v. Motorola Communications & Electronics, 120 F.3d 216 (11th Cir. 1997). More specifically, in an insurance case, where the plaintiff seeks declaratory relief, the amount controversy is "the plaintiff's potential liability under the policy, plus potential attorneys' fees, statutory damages and punitive damages." Prime Ins. Syndicate, Inc. v. Soil Tech Distributors, Inc., 2006 U.S. Dist. LEXIS 96451 (M.D. Fla. 2006), citing Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908 (5th Cir. 2002), citing St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250 (5th Cir. 1998). Alternatively stated, the value of the

declaratory relief is the amount the plaintiff would recover or avoid losing if the declaratory relief was granted. Davis Tune. LEXIS 38940 (N.D. Fla. 2005), *citing* Cohen v. Office Depot, 204 F.3d 1069, 1077 (11th Cir. 2000).

**B. Determining the amount in controversy**

In Williams v. Best Buy, the Eleventh Circuit adopted the approach taken by the Fifth and Ninth Circuits for determining whether the amount in controversy has been meet in cases removed to federal court. 269 F.3d 1316, 1319 (11ᵗʰ Cir. 2001). *See also* Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000).

First, the court looks to whether, on the face of the complaint, the jurisdictional amount is in controversy. Williams. 269 F.3d 1316 at 1319, *citing* Singer v. State Farm Mut. Auto Ins. Co., 116 F.3d 373 (9th Cir. 1997). Where the jurisdictional amount is not apparent from the face of the complaint, the court examines evidence in the notice of removal and the record to determine if the amount in controversy was met at the time of removal. Williams. 269 F.3d 1316 at 1319. Notably, the defendant seeking removal bears the burden of making an "affirmative showing" of the factors necessary for diversity jurisdiction. Williams, 269 F.3d 1316 at 1320. *citing* Gaitor v. Peninsular & Occidental S.S. Co.. 287 F.2d 252, 255 (5th Cir. 1961). Thus. the defendant must allege facts that show jurisdiction and may be required to support such facts with evidence. Williams. 269 F.3d 1316 at 1320 *citing* McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). A defendant's conclusory allegation, unsupported by facts, that the plaintiff's claim meets the jurisdictional amount does not satisfy this burden. Williams, 269 F.3d 1316 at 1319-20.

In the instant case, the Court initially considers the face of Phillips' complaint. Although the Phillips does not ask for a specific amount of monetary damages, outside of the $47,221.00

indemnification by Mount Vernon, the amount in controversy can be ascertained from the complaint. Under Count I for declaratory relief, the amount in controversy is calculated as the "value of the right to be protected." Specifically, it is the plaintiff's exposure liability under the insurance policy, in addition to potential attorneys' fees, statutory damages, and punitive damages. Phillips seeks a declaratory judgment from the court that it is entitled to the benefits under the contract: or, in the alternative, the return of its premium. Exhibit A, attached to the complaint, shows that Mount Vernon insured the ASV RC-85 equipment for up to $40,000.00. Doc. 2 at 2-3, Exhibit A. Additionally, Phillips seeks applicable attorneys' fees under Fla. Stat. § 627.428. Doc. 2 at 3.

Counts II and III allege breach of contract of insurance by Mount Vernon. Count II demands judgment for damages, attorneys' fees, and costs relating to Mount Vernon's denial of Phillips' claim. Doc. 2 at 4. Phillips specifically requests the benefits due under the contract of insurance. Doc. 2 at 4. The evidence shows that Mount Vernon insured the RC-85 for up to $40,000.00. Doc 2, Exhibit A. Count III seeks indemnity for the defense and costs of the Rentalex suit, estimated to be in excess of $47,221.00, and reasonable attorneys' fees. Doc. 2 at 4-5. Altogether, Phillips' complaint alleges potential damages of $87,221.00.

Although Mount Vernon ordinarily bears the burden of showing federal jurisdiction, here Phillips has demonstrated valid federal jurisdiction from the face of its complaint. In neither Phillips's complaint nor motion for remand did it indicate to the Court that it only sought to recover the value of the equipment under the insurance policy. Rather, Phillips filed three separate counts on the dispute and requested damages on each count. Having considered the allegations and facts contained in the pleadings, the Court concludes that the $75,000.00 jurisdictional amount in controversy has been met. Accordingly, it is

ORDERED that the Plaintiff's Motion to Remand (Doc. 3) be **DENIED** and the Defendant shall answer the complaint within ten (10) days of this order.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 22ND day of July, 2008.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Cc:  All parties and counsel of record.